UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| CRAIG WYOSNICK, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>NEVADA GAMING CONTROL BOARD )<br>and STATE OF NEVADA, )<br>)<br>Defendant. )<br>_____ ) | 03:06-CV-0254-LRH (VPC)<br><br>ORDER |

Presently before the court is Defendant's, Nevada Gaming Control Board, motion to quash service and motion to dismiss for insufficiency of service of process (#6[1]). Plaintiff, Craig Wyosnick, has filed an opposition (#8) as well as a request to extend time for service (#9), to which Defendant has replied (#10).

When the validity of the service of process is contested, the plaintiff bears the burden of proving that proper service was effected. *See, e.g., Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir.1981).

In this case, Plaintiff attempted to effectuate service by serving Defendant's custodian of records, Peter Hundsader. Defendant is an entity of the State of Nevada. As such, Plaintiff was able to effectuate service under Federal Rule of Civil Procedure 4 by either (1) by delivering a copy of the summons and of the complaint to the agency's chief executive officer or (2) pursuant to the laws of the State of Nevada. Fed. R. Civ. P. 4(j)(2).

Mr. Hundsader's uncontested affidavit demonstrates that he is not the Defendant's chief

---

[1] References to (# XX) refer to the Court's docket.

1  executive officer.  That individual is known to be Mr. Dennis Neilander, whose uncontested
2  affidavit demonstrates that he has not been served in this matter.  As such, service by Plaintiff did
3  not comply with the federal service requirements.
4       Nevada Revised Statue 41.031(2) provides that service may be effectuated against
5  agencies of the State of Nevada by serving both the attorney general and the person serving in the
6  office of administrative head of the named agency.  It is uncontested that Plaintiff properly served
7  the attorney general in this matter.  However, Plaintiff's service on Mr. Hundsader is improper
8  under Nevada law for the same reason it is improper under federal law.  As such, Plaintiff failed
9  to effectuate service under Nevada law.
10       Federal Rule of Civil Procedure 4(m) provides that, should service not be made within
11  120 days after the filing of the complaint, "the court, upon motion or on its own initiative . . .
12  shall dismiss the action without prejudice . . . or direct that service be effected within a specified
13  time. . . ."  If Plaintiff shows good cause for the failure to serve, the court must extend the time
14  for service.
15       Plaintiff has failed to suggest good cause exists for the present failure to serve.  The only
16  argument presented by Plaintiff is that Mr. Hundsader should have told the process server that he
17  could not accept service and that his acceptance and his subsequent notification to Mr. Neilander
18  that he had been served with some lawsuit should cure any error in service.  The court does not
19  agree.  It was Plaintiff's responsibility to properly effectuate service, not Mr. Hundsader's.
20       However, it is within the court's discretion whether to dismiss the claims or provide an
21  extension of time to effectuate service.  As the underlying issues in this matter arise in part from
22  claims of reverse gender discrimination, the court is concerned that outright dismissal may
23  preclude refiling of the case.  As such, the court will provide Plaintiff with 20 days from the date
24  of this order in which to effectuate proper service.
25  ///
26  ///
27  ///
28  ///

2

1        It is therefore ORDERED that Defendant's motion to quash and motion to dismiss (#6) is
2   GRANTED in part and DENIED in part;
3        Service upon Defendant was improper and will be quashed, but the claims will not be
4   dismissed for failure to effectuate service within 120 days of filing the complaint;
5        It is further ORDERED that Plaintiff's motion for extension of time to effectuate service
6   (#9) is GRANTED;
7        Plaintiff shall have 20 days from the date of this order to effectuate proper service.
8        DATED this 8th day of December, 2006.

```
                                    _____
                                    LARRY R. HICKS
                                    UNITED STATES DISTRICT JUDGE
```